1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7          **DISTRICT OF NEVADA**
8    IMHOTEP SALAT,                          )
9             Plaintiff,                     )      Case No. 2:15-cv-00974-JAD-CWH
                                             )
10   vs.                                     )      **ORDER**
                                             )
11   COUNTY OF SACRAMENTO, et al.,           )
                                             )
12            Defendants.                    )
     _____)
13
14          Plaintiff submitted a renewed Motion/Application to Proceed *in Forma Pauperis* (#3, filed May
15   28, 2015. Plaintiff's original motion/application was denied without prejudice with instruction for
16   Plaintiff to submit a completed application. Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is
17   required to commence a civil action in federal district court. Courts may also authorize fees as
18   prescribed by the Judicial Conference of the United States. 28 U.S.C. § 1914(b). Pursuant to 28 U.S.C.
19   § 1915(a), the court may authorize the commencement of an action "without prepayment of fees and
20   costs or security therefor, by a person who submits an affidavit that includes a statement of all assets . . .
21   that the person is unable to pay such fees or give security therefor."
22          Plaintiff has submitted the affidavit required by § 1915(a) to show inability to prepay fees and
23   costs or give security for them. In the application, Plaintiff reports that he $1,286.00 monthly in
24   disability benefits, which becomes $1,181.00 after deducting medical insurance premiums. Plaintiff
25   further reports that he has no dependents and no debts or financial obligations outside of living
26   expenses. He reports $800.00 in "rent and regular expenses." He reports no other expenses. Given the
27   foregoing, the Court finds that Plaintiff has not satisfied the indigency requirement of 28 U.S.C. §
28   1915(a)(1) and is able to pay the costs of commencing this action. *See Ross v. San Diego County*, 2008
     WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis*

1   where she received $2,100 in disability payments, owned a car and house, and "carried significant

2   debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006)

3   (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income

4   and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton

5   Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish

6   indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497,

7   500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level

8   in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where

9   weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week); *Rucker

10   v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of

11   indigency where plaintiff received $748.42 per month, and that amount was exceeded by his

12   outstanding monthly expenses and debt)).

13        Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the

14   Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  *See cf.*, *Bardes v. Magera*, 2008

15   WL 2627134 *10 (D.S.C. 2008) (finding that it is error to screen a non-prisoner pro se plaintiff's

16   complaint when the plaintiff pays the filing fee).

17        Based on the foregoing and good cause appearing therefore,

18   **RECOMMENDATION**

19        **IT IS RECOMMENDED** that Plaintiff's Motion/Application to Proceed *in Forma Pauperis*

20   (#3) be **DENIED**.  Plaintiff should be required to pay the filing fee within thirty days from the date that

21   a final order denying Plaintiff's Application is entered.  Failure to comply with that order will result in

22   the Court recommending dismissal of this action.

23   **NOTICE**

24        Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

25   writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

26   that the courts of appeal may determine that an appeal has been waived due to the failure to file

27   objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

28   held that (1) failure to file objections within the specified time and (2) failure to properly address and

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

     Dated: June 2, 2015.

_____
C.W.Hoffman, Jr.
United States Magistrate Judge

3